## LUTHER TERRY v. THE STATE.

### No. 8765. Delivered May 13, 1925.

1.—Selling Intoxicating Liquor—Indictment—Minutes of Court—Not Irregular.

Where the minutes of the court pertaining to the finding and returning of the indictment shows the style of the case and the number of same, but does not show the name of the defendant, it is sufficient, and a motion to quash the indictment on this ground was properly overruled.

2.—Same—Continuance—Erroneously Refused.

Where a witness duly subpoenaed and present on the day the case was set for trial, but was absent on the date that the court postponed the case to for trial, who would have testified to an alibi, it was error to refuse appellant a continuance on account of the absence of such witness.

3.—Same—Evidence—Alibi Testimony—Not Cumulative.

The authorities in this state hold that when an alibi is the defense, the more witnesses produced, the stronger it makes the defense. It is therefore error to refuse a continuance for an alibi witness who is absent, if proper diligence is shown, on the ground that the testimony is cumulative. Following. Pinckard v. State, 13 Tex. C. A. 477 and many other cases cited.

4.—Same—New Trial—When Granted.

Where a continuance sought on account of the absence of a witness for whom diligence is shown, has been refused, and appellant in his motion for a new trial, attaches the affidavit of such witness, showing, what his testimony would have been and if such testimony is material to the defense a new trial should be granted. Following Stubblefield v. State, 252 S. W. 564.

100 Tex. Crim.—11.

Appeal from the District Court of Wise County. Tried below before the Hon. F. O. McKinsey, Judge.

Appeal from a conviction for selling intoxicating liquor; penalty, two and one-half years in the penitentiary.

The opinion states the case.

*Phillips, Brown & Morris,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was charged by indictment with unlawfully selling intoxicating liquor about the 11th of October, 1923, in said county, and convicted in the district court of said county on February 4, 1924, and his punishment assessed at confinement in the penitentairy for a term of two and one half years.

Appellant complains of the minutes of the district court in that it is contended that the minutes pertaining to the finding and returning of the indictment is insufficient because the minutes failed to give the name of the defendant thereon. The record shows that it gives the style of the case and the number of same, save and except it leaves out the name of the defendant. The indictment is in due form and we see no error in the action of the trial court in refusing to grant the motion of the defendant to quash said indictment.

There are many complaints made and errors assigned concerning the action of the trial court in this case, most of which will be unnecessary to consider from the disposition we have made of this case and which will not likely occur again upon another trial.

The most important complaint as we view the record, is the refusal of the trial court to grant the motion for continuance made by appellant for want of the testimony of John Henson, who resided in Dallas County, Texas, and the court's refusal to grant motion for new trial in this particular. The record discloses that the defendont was arrested December 13, 1923, and the same day made application for his witnesses, and that said witness was in attendance upon this court on the 6th of February, 1924, at which time this court was to begin the hearing of this case, but on account of another important case it was not reached, and was passed over until the 12th of February, 1924, and when called again for trial the said witness Henson did not appear, but the record shows from a physician's certificate that he was suffering from the "flu."

The testimony of the prosecuting witness stated that he purchased the whiskey from the defendant about dusk on October 11, 1923, specifically fixing the date at that particular time. The motion

for continuance alleged that said witness would testify, if present, that he had a business transaction with the defendant in the county of Dallas and in the town of Garland, Texas, on that date at about 8:00 o'clock P. M., and the undisputed testimony showed that the distance between that place and Decatur, Texas, was about seventy miles. This was the issue made by the State and defendant as to whether or not the defendant was present at the time and place contended by the prosecution, the State contending that he sold the whiskey about dusk on said date of October 11 in Wise County, and the defense contending that at that time the defendant was in Dallas County in the town of Garland. The State relied solely upon the testimony of the prosecuting witness who, the record disclosed, was the Deputy Sheriff and who did not arrest the defendant at the time he claimed he purchased the whiskey; while the defense introduced the wife of defendant who testified that on that date the defendant was not at the place and at her home at the place where the State contended the sale took place, and in fact had left for Dallas on the 9th of said month and did not return until the 14th of said month and that she was there during all the said time and knew that the defendant was not at said place. The defendant introduced other testimony from witnesses in Dallas and near Garland corroborating the testimony of his wife and his defense. Upon motion for new trial, the defendant attached the affidavit of said witness Henson to the effect that he had been sick and was sick on the 12th of February, 1924, and unable to attend court, and if he were present at said trial that he would testify that he had a business transaction with defendant in the town of Garland about 5:00 o'clock on the evening of October 11, 1923, in which he made a partial payment to the defendant on a note which he owed defendant on that date. The court in explaining his action in overruling this motion for continuance stated that he was of the opinion that it was cumulative testimony. The authorities in this State hold that when an alibi is the defense the more witnesses you produce the stronger it makes the defense, and we think rightly so. Pinckard v. State, 13 Texas Crim. Apps. 477; Miles v. State, 14 Texas Crim. Apps. 442; Ninnon v. State, 17 Texas Crim. Apps. 659; White v. State, 236 S. W. 746; Smyth v. State, 17 Texas Crim. Apps. 252; Mathason v. State, 89 Texas Crim. Apps. 138.

The diligence in this case was complete, and we are of the opinion that there was error in the court's overruling this motion for continuance, and especially in not granting the new trial after the affidavit of the witness had been attached showing what his testimony would be, which was very material to the defense in this case.

We think the case of Stubblefield v. State, 252 S. W. 564, is in point, and in fact, the instant case is much stronger in behalf of

the defendant than the Stubblefield case. In that case, this court held:

"While the diligence may not have been perfect, under the peculiar facts it was deemed sufficient. But for the inadvertent destruction of the subpœna the witness would have been subpœnæd and if subpœnæd she could not have been present owing to her sickness. This was not controverted and must be taken as true, especially in view of her affidavit attached to motion for new trial."

For the reasons above stated we are of the opinion that the trial court was in error, and that this case should be reversed and the cause remanded, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.