ESSIE DERRICK v. THE STATE.

No. 9119.   Delivered May 20, 1925.

**1.—Rape—Continuance—New Trial—Erroneously Refused.**

Where an application for a continuance to secure the attendance of a
witness, whose testimony, if true would exculpate appellant, was refused, and
in his motion for a new trial, appellant presented an affidavit of said witness
embracing testimony of a most vital character, the motion for a new trial
should have been granted.

**2.—Same—Continued.**

It has been the rule in Texas since the Long case, 39 Tex. C. R. that
when an application for a continuance is denied, and on motion for a new
trial, an affidavit of the absent witness deposing to the facts stated in the
motion for a continuance is attached, the court is not the judge of its
probable truth. Mere conclusions of the trial judge, will not be considered
on appeal, in determining the right to a continuance: Following Dyer v.
State, 47 Tex. C. R. 258, Pearson v. State, 56 C. R. 610, 120 S. W. 1064.
Also see Branch's P. C. Sec. 336 for full collation of authorities.

**3.—Same—Evidence.—Improper   Question—Of   District   Attorney—Reversible
Error.**

Where the District Attorney on cross-examination of appellant's mother,
asked her: "Did you not pay a fine for the defendant for vagrancy, for being
a common prostitute, when the defendant was dragged out of bed with a
negro in Dallas County, Texas" (appellant being a white woman) notwith-
standing that upon objection, witness was not permitted to answer, con-
stitutes reversible error.)

**4.—Same—Continued.**

No lawyer could believe that the question so framed, could have been
permissible, in any state court, and the very asking of it was so repulsive to
every idea of a fair trial, as to cause us to have no hesitancy in holding it
reversible error. The only purpose it could serve would be to arouse prejudice,
contempt and execration for the defendant in the minds of her triers. This
sort of procedure will not be tolerated by this court. Following Bryant v.
State, not yet reported and cases cited.

Appeal from the Criminal District Court No. 2 of Dallas County. Tried below before the Hon. Chas. A. Pippen, Judge.

Appeal from a conviction of rape; penalty, ten years in the penitentiary.

The opinion states the case.

*Oscar H. Calvert, Chaney & Daily, Baskett & DeLee,* for appellant.

*Shelby S. Cox,* District Attorney, *Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—Appellant was convicted in the district court of Dallas County for the offense of rape, and her punishment assessed at confinement in the penitentiary for a term of ten years.

The State's testimony shows that the appellant lived in a certain residence in Dallas with her husband, and that the prosecutrix was a twelve year old maid employed by appellant to do house work, and that on the night of July 10th, 1924, appellant called prosecutrix in the room where she was lying down and ordered the prosecutrix to undress; and by drawing a knife on her, and by means of words and threats intimidated and forced her to undress and lie on the bed, and then appellant called her husband, and while she held and intimidated prosecutrix, he had intercourse with her.

This testimony, is most unusual, and, if true, it shows a condition of affairs that are revolting in the extreme. But, in view of the fact that the case must be reversed on other matters, we pretermit any detailed discussion of the facts.

When called on for an announcement, the appellant presented to the court her first application for a continuance, for the absence among others of the witness Eunice Spalding. The application showed that the appellant expected to prove by the witness Eunice Spalding that she was present at the time and on the occasion when this offense is alleged to have been committed, and that same did not take place. There were other details contained in the application for a continuance, which in view of the court's qualification of the bill of exception to the overruling of appellant's motion for new trial, it is not necessary to state.

On the motion for new trial, appellant produced the affidavit of this witness, in which she averred her willingness to testify in sufficient details to the effect that she was present at the time and place named by prosecutrix and that appellant's husband did not, and no one else raped prosecutrix at that time and place. In addition to this affidavit the statement of facts shows that appellant proved by her own mother that Mrs. Spalding went with her, appellant's

mother, to appellant's house about six o'clock on the afternoon that the offense is alleged to have occurred that night, and the absent witness in her affidavit testified that she spent the entire night with the appellant and that she slept in the same bed with appéllant. In overruling the appellant's motion for a new trial the learned trial court used the following language: "The court recognizes the fact that diligence was used to secure this witness, and that her testimony, if true, was very material, but the trial court overruled the motion for a new trial for the reason that he did not believe that there was one word of truth in her affidavit, unless it be that her name was Eunice Spalding, and he has some slight doubt about that, . . ."

It has been the rule in Texas since the Long case, 39 Texas Crim. Rep. 462, that when the application for continuance is denied, and on motion for new trial an affidavit of the absent witness deposing to the facts stated in the application for continuance is attached, the court is not the judge of its probable truth. Sec. 336 Branch's P. C. for full collation of authorities.

It is also true that mere conclusions of the trial judge not based on the record will not be considered on appeal in determining the right to a continuance. Dyer v. State, 47 Texas Crim. Rep. 258. Pearson v. State, 56 Texas Crim. Rep. 610, 120 S. W. 1004.

Under our system within certain well defined limitations in the realm of fact the jury is supreme and if the court had the power, they would still be without the right to deprive the jury of one iota of its prerogative of being the exclusive judges of the facts proved, the credibility of the witnesses and the weight to be given to their testimony.

The rule guaranteeing to a person on trial for his life or liberty the right to have the attendance of his witnesses is not a mere arbitrary one, but is it based on a fundamental principle that is embedded in the organic law of the land. If in any case it should be held that the court should have the right to determine the facts as well as the law it would mean the ultimate destruction of an ancient landmark. It would destroy the most valuable part that the citizen has in the constitutional guaranty of the right of trial by jury. Committed to these principles, as his court has always been, we cannot do otherwise than hold that the trial court erred in refusing appellant's motion for a new trial.

There is another matter in the record which shows error. While the mother of appellant was testifying on cross-examination, the Assistant District Attorney asked her the following question "Did you not pay a fine for the defendant for vagrancy as being a common prostitute when the defendant was dragged out of bed with a negro in Dallas County, Texas?" Appellant is a white woman. The court sustained an objection to this question, but we do not hesitate

100 Tex. Crim—15.

to say that it was utterly impossible for the court to destroy the virus that was spread by the very asking of the question. It is not a pleasant duty to criticise the conduct of a prosecuting officer, but this shall not deter us from again saying that extraneous matters that incite race or class prejudice certainly have no place in the courthouse and this is especially true in a case of this character. No lawyer could believe that the question as framed could have been permissible in any state court, and the very asking of it was so repulsive to every idea of a fair trial as to cause us to have no hesitancy in holding it reversible error. The only purpose it could serve would be to spread prejudice against and contempt and execration for the defendant through the minds of her triers. This sort of procedure will not be tolerated by this court. Bryant v. State, not yet reported, and the cases there cited.

There are various other assignments contained in this record, some of which are more or less serious, but, in view of the fact that they may not occur on another trial of the case, they are not discussed.

For the errors above mentioned, the judgment of the trial court is reversed and the cause remanded.

*Reversed* and *remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.