HERMAN BACHMAN v. THE STATE.

No. 9359.    Delivered June 24, 1925.

1.—Manufacturing Intoxicating Liquor—Recognizance Defective—Appeal Dismissed.

Where appellant was convicted of manufacturing intoxicating liquor, and the recognizance recites that he was convicted of "transporting intoxicating liquor," such recognizance is fatally defective, and the appeal is dismissed. Appellant however, is given fifteen days within which to prepare and file a proper bond under Art. 923, C. C. P.

2.—Same—Proper Recognizance Filed—Appeal Reinstated.

This cause having been dismissed at a former term on account of a defective recognizance, which has since been supplied, same is now reinstated, and will be considered on its merits.

3.—Same—Argument of Counsel—Vituperative and Unwarranted—Reversible Error.

Where on a trial for manufacturing intoxicating liquor, counsel for the state in his argument to the jury said "This defendant, Herman Bachman has been down there in that country making whisky for this German bunch to gulp down, that have been here testifying in his behalf today, and if this German crowd had us where we have Herman Bachman, they would give us the limit of the law," as well as other vituperature assaults on Germans, there being no evidence to justify such argument, and the maximum punishment having been assessed, necessitates a reversal of the case, which is accordingly ordered.   See Branch's P. C. Sec. 364 and authorities there collated.

Appeal from the District Court of Lubbock county.    Tried below before the Hon. Clark M. Mullican, Judge.

Appeal from a conviction for manufacturing intoxicating liquor; penalty, five years in the penitentiary.

The opinion states the case.

*Pearce, Stewart, & Triplett,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was indicted in the district court of Lubbock county charged with manufacturing intoxicating liquor and convicted and given five years in the penitentiary.

The recognizance entered into in this case recites that the appellant was charged by indictment duly presented in said court with the offense, "Unlawfully transporting intoxicating liquor, a felony, and has been tried and convicted of such felony, etc." It will be observed from said recognizance that it states another and a differ-

ent offense from that charged in the indictment and is therefore fatally defective, and for this reason this appeal is dismissed. The appellant however is given fifteen days within which to prepare and file a proper bond under Art. 923 C. C. P., otherwise the mandate will issue.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

BAKER, JUDGE.—At a former term of this court this case was dismissed for the want of a proper recognizance, which has since been supplied, and the order of dismissal is set aside and the case is now before us on its merits.

The appellant was tried and convicted in the District Court of Lubbock County for the unlawful manufacture of intoxicating liquor and his punishment assessed at five years in the penitentiary.

The witnesses for the State testify to finding a still on the premises of the appellant, together with about four or five gallons of whiskey, some of which was warm, and to the effect that the still had recently been in operation. The appellant as a witness in his own behalf, admitted to having made this whiskey the night before, but contended that he did so for medicinal purposes, and that his wife had been sick for many years, and a doctor had advised whiskey would be good for her, and he had used same for many years as a medicine for her up till about a couple of years prior to being arrested; that upon being unable to obtain whisky for her within the past two years, and having been advised that it was no violation of the law to make same, he made him a still and was seeking to make it to be used by her as medicine. There are four bills of exception in the record complaining of the action of the court in overruling the motion for continuance, to leading questions by State's counsel, and to the court permitting the State's witnesses to testify on account of not being properly qualified to do so. We fail to find any merit in these complaints, as shown by said bills. In bills of exception five and six complaint is made to the argument of State's counsel, which was as follows: "That this defendant Herman Bachman, has been down there in that country making whiskey for this German bunch to gulp down that have been here testifying in his behalf today, and if this German crowd had us where we have Herman Bachman, they would give us the limit of the law. The German witnesses who have testified here believe that they have an inherent right to make liquor and drink the same even though it's a violation of the constitution and the Volstead Act and they as well might be taught the lesson now that they can not do that in this country and get by with it, and you should return a verdict against this defendant in order to teach them that lesson."

The appellant properly excepted to said argument and prepared special charges and presented same to the court requesting the court to instruct the jury not to consider same, all of which was refused by the court. There is nothing in the record authorizing the argument made and nothing in the record showing that the whiskey was made for any German or that any German was a witness in behalf of appellant unless we infer from the record that the witnesses' names would indicate that they were of German extraction. One witness for appellant testified that he was born in Alsace-Loraine, but did not mention his nationality. To the contrary, the evidence showed conclusively upon the part of the appellant and which was supported by about a half a dozen or more witnesses that his wife was in poor health and had been for many years; and that the appellant was making said whiskey as testified by himself solely for her use. The appellant also introduced witnesses who testified to his good reputation as being a peaceable, law abiding citizen, and in view of this testimony in his behalf and in view of the fact that the jury gave him the maximun punishment allowed by law, we are forced to the conclusion that the argument of the counsel was evidently harmful to the rights of this appellant, and especially considering the recentness of the late war with Germany. The State's Attorney for this Court concedes error in this case and we think rightly so. Branch's P. C., Sec. 364 and authorities there collated. Derrick v. State, 272 S. W. 458.

For the reasons above stated, we are of the opinion that the judgment of the trial court should be reversed and remanded, and the same is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.