## N. R. McLendon v. The State.

No. 9172.    Delivered October 7, 1925.

**1.—Aiding Prisoner to Escape—Evidence—Other Offenses—Showing Motive and Intent—Admissible.**

Where on a trial for aiding a prisoner to escape, evidence that the prisoner and appellant were carrying whisky in a car, at the time a little child was struck and killed, and also testimony of the killing of the little child was admissible, being so inter-related to the facts concerning the charge for which the appellant was on trial, as to shed light on the motive, and intent of appellant in aiding the said prisoner to escape. Following Crosslin v. State, 90 Tex. Crim. Rep. 467 and other cases cited.

**2.—Same—Charge of Court—Held Correct.**

Where on a trial for aiding a prisoner to escape, the court charged the jury that they must find that the said Johnson was a person in the custody of an officer, that appellant wilfully aided in his escape from the custody of said officer, that the act done, if any, was with the intent to aid him, and that he did escape by reason of such aid, rendered by appellant, such charge succinctly and cogently covered the issues presented by the testimony in the case.

**3.—Same—Continuance—Erroneously Refused.**

Where a first application for a continuance is presented on account of the absence of three material witnesses, same should be granted. It is the well settled rule in this State that when the diligence is sufficient, and the absent testimony is material, and in cognizance with defendant's testimony on the trial, or if it contradicts the State's case a first application for a continuance should be granted. See 335 Branch's P. C. Following Derrick v. State, 272 S. W. 458 and other cases cited.

Appeal from the District Court of Gillespie County. Tried below before the Hon. J. H. McLean, Judge.

Appeal from a conviction for aiding a prisoner to escape; penalty, two years in the State penitentiary.

The opinion states the case.

*V. B. Goar, T. H. McGregor,* and *A. L. Love,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, Judge.—The appellant was convicted in the district court of Gillespie County for the offense of aiding a prisoner to escape and his punishment assessed at confinement in the penitentiary for a term of two years.

The facts from the standpoint of the State show that the appellant and one Johnson were traveling in an automobile at a high rate of speed, and in passing a church, ran over and killed a child. After

so doing, the State's testimony shows that they failed to stop and render aid to said child but in a few minutes were overtaken by other parties who were present at the scene of the homicide and the said Johnson who was driving the car was arrested by a deputy sheriff who had been advised of the offense committed by the said Johnson, and that thereafter, the appellant aided the said Johnson in shifting the gear of his automobile and thereby enabled him to escape from the custody of the said officer.

Many complaints are made at the court's action in permitting the State to prove the facts concerning the killing of the child and also to show that the appellant and the said Johnson were carrying whiskey in the car at the time the homicide was committed. We have carefully considered these complaints and have reached the conclusion that the testimony concerning both the killing of the child and the transportation of the liquor was admissible. We think this testimony was so inter-related to the facts concerning the charge for which the appellant was on trial as to cause them to shed light on the motive and intent of the appellant in aiding the said Johnson to escape. This testimony was admissible as contradicting the appellant's theory that he did not participate in aiding the said Johnson to escape and also in rebuttal of his theory that he left with the said Johnson because he was in fear of injury to himself from the assembled crowd. Crosslin v. State, 90 Tex. Crim. Rep. 467, 235 S. W., 905; Rosamond v. State, 263 S. W., 297; 249 S. W. 468. King Dyer's case, this day decided.

We have examined very carefully appellant's complaints at the charge of the court and we have reached the conclusion that they are without merit. The court in his main charge instructed the jury that before they could convict the defendant they must believe beyond a reasonable doubt that the said Johnson was a person in the custody of the deputy sheriff named, and second that the said appellant wilfully aided in the escape of the said Johnson from the custody of the said officer, and third that the act of shifting the gear of the automobile, if any, was done with the intent to aid the said Johnson in making his escape, and fourth, that the said Johnson did make his escape by virtue of the aid rendered by the said appellant. We think this charge covered the issues succinctly and cogently which were presented by the testimony of the case.

However, the case must be reversed because of the court's action in refusing to grant a new trial based on a complaint therein to the effect that the court erred in overruling appellant's first application for a continuance. Appellant when called on for an announcement presented to the court his first application for a continuance in which he alleged the absence of the witnesses Romage, Cobb and Crider. By the first two witnesses appellant alleged that he expected

to prove that they arrived at the point where the killing of the child occurred immediately after the happening thereof and that the men there assembled were very much excited and enraged and that they stated in the presence and hearing of the said witnesses that if the said Johnson and appellant had not left when they did, they would have killed the said Johnson and appellant, or would have done them serious bodily injury. This testimony was clearly admissible as supporting appellant's contention that his purpose in leaving the scene of the homicide was not to aid the said Johnson in escaping from arrest but was done for the purpose of protecting himself from violence at the hands of the outraged citizens who had assembled there. We think this testimony was clearly admissible and if true would have aided in solving one of the issues presented by the testimony in the case.

By the witness Crider, appellant alleged that he could show that the said witness repaired the car in which they were riding only about thirty minutes before the homicide happened and that he had opportunity to observe and examine the car and that no whiskey was contained therein and that neither the appellant nor the said Johnson were drinking at the time they left the witness's garage which was only about thirty minutes before the homicide took place. On the trial of the case, the testimony shows that the appellant and Johnson came directly without a stop from the place where they left Crider to the scene of the homicide. This testimony of the witness Crider was highly material to the appellant's defense in view of the fact that the State very properly undertook to show as a motive for the escape that appellant and Johnson were transporting whiskey at the time the homicide took place and the State's testimony also showed that both the appellant and Johnson had been drinking liquor at the time of the homicide and at the time of the escape of Johnson. As above indicated, this testimony on the part of the State was admissible to show motive and intent on the part of the appellant in aiding Johnson to escape, but it is also true that the appellant had the right under the law to contradict and rebut this testimony by any evidence that would tend to do so. We think the testimony of the absent witness, Crider, would have been very material in aiding the jury in solving this issue and the court was without the right to deprive this appellant of the same. An inspection of the motion for a continuance and the bill of exceptions perserving the error in overruling the same discloses the fact, in our opinion, that diligence were used to procure the attendance of these witnesses. It is the well settled rule in this State that when the diligence is suffcient and the absent testimony is material and in cognizance with defendant's testimony on the trial, or if it contradicts the State's case, a first application for a continuance should be granted. Sect. 335 Branch's P. C., and the many authorities there cited.

Our views on this question have been recently expressed in the case of Derrick v. State, 272 S. W., 458, and in the case of Bryant v. State, 271 S. W., 610.

Because a new trial should have been granted on account of the court's action in overruling appellant's first application for a continuance, it is our opinion that the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.