### R. BATTLES V. THE STATE.

No. 9617.　Delivered January 27, 1926.

**1.—Transporting Intoxicating Liquor—Continuance—Improperly Refused.**

Where, on a trial for transporting intoxicating liquor, appellant asked for a continuance on account of the absence of a material witness, for whose presence sufficient diligence was shown, it was error for the trial court to refuse the continuance.

**2.—Same—New Trial—Erroneously Refused.**

Where an affidavit of an absent witness, for whose attendance appellant had used due diligence, is attached to his motion for a new trial, and such affidavit is material to the defense, the trial court is in error in refusing a new trial. Following Long v. State, 39 Tex. Crim. Rep. 462 and other cases cited. Also see Branch's Ann. P. C. Sec. 336.

Appeal from the District Court of Harrison County. Tried below before the Hon. P. O. Beard, Judge.

. Appeal from a conviction for transporting intoxicating liquor, penalty two years in the penitentiary.

The opinion states the case.

*Parker & Moore* of Ft. Worth, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for the transportation of intoxicating liquor, the punishment being two years in the penitentiary.

On the 17th of March appellant while driving a Dodge touring car on the public road was arrested by officers. In the car with appellant at the time were Messrs. Richardson, Viner and Harris. A casual examination of the car would not reveal the presence of whiskey. A close examination disclosed that a receptacle had been built into the car back of the upholstering, and under the floor of the car two boxes had been built. In these various places something over two hundred quarts of whiskey were found by the officers. Appellant was indicted on the 24th day of March, arrested on the 26th and tried on April 1st. On March 29th he caused a subpoena to be issued for one Sargent who was alleged to be a resident of Tarrant County, Texas. This process was returned by the sheriff showing that the witness was not found in Tarrant County, the officer reciting in his return that he had information that the witness was temporarily absent from home. A continuance was sought on account of the absence of Sargent. It was alleged that the witness would testify if present that he resided in Tarrant County, Texas, and was personally acquainted with appellant; that he was present at appellant's home in Fort Worth in the latter part of February, 1925, when one Walter Davis borrowed from appellant a Dodge touring car, stating that he would return it within a couple of hours; that Davis left with the car and did not return it; that on the following day witness together with appellant began a search for Davis and the car and reported the loss of it to the officers, but heard nothing from Davis or the car until about March 5th, when they received information that the car was in New Orleans, La.; that in company with appellant witness went to New Orleans and after a search finally located the car in a garage; that witness was present when appellant drove the car out of the garage on the 15th of March and started on his return home to

Fort Worth; that neither appellant nor any other person placed any whiskey in the car at the time or at any time when witness was present and that no whiskey was visible; that said witness would also testify that he was familiar with the automobile which appellant loaned to Davis and in which appellant was riding at the time of his arrest; that he knows of his own personal knowledge that at the time Davis borrowed the car there were no secret pockets or places in or about it. The application for continuance was overruled. This action of the court is one ground of the motion for new trial. Attached to the motion is the affidavit of Sargent who deposed to the matters alleged in the application. He further says in his affidavit that there was no intoxicating liquor in the car when it was found in New Orleans unless it was concealed from sight; that he was present when appellant drove the car out of the garage in New Orleans on the 15th of March and rode with appellant in the car to his, witness' room, and appellant left going towards the outskirts of New Orleans and said he was going home. Witness further says in his affidavit that he was familiar with the car and had driven and worked on it many times; that he made some repairs on the car the day Davis got it from appellant, and that witness knows of his own personal knowledge that at the time Davis took possession of the car there were no secret pockets, places or compartments in or about it. Witness further says he stayed in New Orleans for several days and then went to Houston, Texas, where he remained until the night of April 2, when he left for his home in Fort Worth, arriving there on the morning of April 3.

Appellant having been placed upon trial within a few days after the indictment was returned we think the diligence used in an effort to secure the attendance of Sargent is amply shown. The materiality of his testimony cannot be questioned. Where an affidavit of an absent material witness deposing to the facts stated in the application for continuance is attached to the motion for new trial, diligence being shown to secure the witness, the court is in error in refusing a new trial. Long v. State, 39 Tex. Crim. Rep. 462; 46 S. W. 821; 73 Am. St. Rep. 954; Mathason v. State, 89 Tex. Crim. Rep. 136; 229 S. W. 548; Derrick v. State, 272 S. W. 458; Cruz v. State, 100 Tex. Crim. Rep. 188. For collation of many authorities see Section 336, Branch's Ann. Tex. P. C.

We have examined the other bills of exception. They do not appear to be meritorious.

For the error of the court in not granting a new trial under the circumstances stated the judgment is reversed and the cause remanded.

*Reversed and remanded.*