### C. B. MARBERRY V. THE STATE.

No. 10455. Delivered February 2, 1927.

**Rape—New Trial—Erroneously Refused.**

Where a motion for a new trial is based upon the refusal of a continuance on account of the absence of a witness, for whom due diligence had been used, and the affidavit of such witness is attached to the motion for a new trial, showing that the testimony of such absent witness is material, the motion for a new trial should be granted, and the trial judge is without discretion to determine the probable truth of said testimony. Following White v. State, 90 Tex. Crim. Rep. 584, and other cases cited.

Appeal from the District Court of Freestone County. Tried below before the Hon. J. R. Bell, Judge.

Appeal from a conviction of rape, penalty five years in the penitentiary.

The opinion states the case.

*O. F. Watkins* and *C. H. Machen* of Mexia, and *Levi Herring* of Fairfield, for appellant. On right of a new trial ·appellant cites: White et al. v. State, 236 S. W. 745; Keith v. State, 256 S. W. 926; Terry v. State, 272 S. W. 466; Cruz v. State, 272 S. W. 486.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of rape, and his punishment assessed at five years in the penitentiary.

Briefly stated, the prosecutrix, a negro woman about 38 years of age, testified that she was raped by force by the appellant and one P. L. Cochran near the depot in the town of Teague on the night of March 28, 1926. The prosecutrix, at the trial, identified the appellant and Cochran as being her assailants. The appellant defended upon the ground of an alibi, and introduced testimony to the effect that the prosecutrix stated at the examining trial, held immediately after the occurrence, that she was unable to identify the appellant.

The only question presented in the record which demands our serious attention is the refusal of the court to grant appellant's first application for a continuance for the want of the testimony of his wife, and the refusal of the court to grant his motion for a new trial after he had attached thereto the affidavit of his wife to the effect that the appellant was with her at home during the time of the alleged offense. Process was duly served on appellant's wife and no contention was made by the state as to the materiality of her testimony, but the state contested the motion for new trial upon the ground that said testimony was probably untrue and introduced evidence to that effect. The learned trial judge, in qualifying the appellant's bill of exception on this point and in giving his reason for refusing to grant the motion for continuance based upon the want of the aforesaid testimony, states that in view of the testimony of appellant's wife's father and mother and other witnesses in the case, it was his opinion that the testimony of appellant's wife was probably untrue. It is evident that the trial court was of the opinion that when a motion for new trial is accompanied by the affidavit of the absent witness to the effect that said witness, if present, would testify in keeping with the allegations in a motion for continuance, it is within the discretion of the trial judge to determine the probable truth of said desired testimony. In this the learned trial judge fell into error. Under such circumstances, when proper diligence is shown, the appellant is entitled to have the jury pass on this testimony, and the trial judge is without discretion to determine the probable truth of said testimony. White v. State, 90 Tex. Crim. Rep. 584, 236 S. W. 745; Terry v. State, 272 S. W. 466; Crux v. State, on rehearing, 100 Tex. Crim. Rep. 188, 272 S. W. 486.

The appellant also urges that the trial court was in error in refusing to grant him a new trial on account of the separation of the jury during their deliberations and before the verdict was returned into court. The disposition we have made of the case precludes the necessity of discussing this issue.

For the error above discussed, we are of the opinion that the judgment of the trial court should be reversed and remanded, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.