### WHITE v. STATE.   (No. 10772.)

Court of Criminal Appeals of Texas.   March 23, 1927.

**1. Criminal law ⊜⇒572—Defense of alibi is strong in proportion to number of witnesses.**

When defense in criminal prosecution is alibi, the more witnesses produced, the stronger is defense.

**2. Criminal law ⊜⇒917(2)—On attaching affidavits of absent witnesses to motion for new trial, probable truth of testimony is not for trial court.**

After conviction for manufacturing intoxicating liquor, where affidavits of absent witnesses were attached to motion for new trial, probable truth of such testimony was not question for trial court.

**3. Criminal law ⊜⇒597(1), 917(2)—In prosecution for manufacturing intoxicating liquor, refusal of continuance and new trial for absence of witnesses held error.**

In prosecution for manufacturing intoxicating liquor, evidence *held* to show refusal of continuance for unavoidable absence of witnesses on whom defendant relied to establish alibi and of motion for new trial to which affidavits of what their testimony would be, were attached, reversible error.

Commissioners' Decision.

Appeal from District Court, Panola County; R. T. Brown, Judge.

Nelson White was convicted of manufacturing intoxicating liquor, and he appeals. Reversed and remanded.

Woolworth & Baker, of Carthage, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

BETHEA, J. The appellant was convicted of the offense of manufacturing intoxicating liquor, and his punishment assessed at one year in the penitentiary.

There are a number of complaints and errors in the record, but in view of the disposition that will be made of this case but one will be discussed. The most important complaint disclosed by the record is the refusal of the trial court to grant appellant's motion for continuance predicated on the absence of the witnesses Edna White, wife of appellant, and Martha Stewart, who resided about one-half mile from appellant. The record discloses that appellant's motion for a continuance was filed on the 27th day of October, 1926; that process was issued for the witnesses Edna May White and Martha Stewart, and served on them on the 6th and 11th of October, 1926, respectively; that on the day set for trial neither of said witnesses were present; that they were both unable to attend court, as shown by physician's certificate; that the term of court would expire by operation of law on the 30th day of October, 1926.

The testimony of the prosecuting witnesses, the sheriff, and a deputy sheriff is, in substance, as follows: They located a still in operation near the appellant's tract of land and crawled up and secreted themselves in a clump of bushes about 200 yards from where the still was in operation; that they observed the still through field glasses from about daylight until about 11 o'clock in the morning, when they rushed up to the still and arrested appellant; that one of the men who had been there at the still all the morning ran away; that the appellant never made any effort to run; that the appellant was present at the still from early in the morning until 11 o'clock.

The testimony offered in behalf of the appellant showed that the appellant plowed in his field until about 10 o'clock; that he received notice that one Dulaney and his wife had passed appellant's home, driving a wagon, in which they had a barrel, and had driven over into a pasture which was jointly owned by appellant and Dulaney, and that they were operating a still; that the appellant discontinued his plowing and went over to where Dulaney was operating the still for the purpose of informing Dulaney that he must not operate the still there on their premises, as it would get them into trouble; that at the time he was arrested he had not been there where the still was in operation but about 40 or 50 minutes; that he had nothing to do with the still; that he had no interest in it whatever and was an innocent bystander; and that the only purpose he had in being present at the location of the still was to inform Dulaney that he must desist from operating the still there on his premises.

This was appellant's first application for continuance. It became a very important inquiry as to whether the appellant was present at the place where the still was operated from daylight until 11 o'clock in the morning, as testified to by the two officers, or whether appellant was in his field plowing from daylight until 10 o'clock in the morning.

Appellant expected to prove by the witness Edna White, as shown by her affidavit attached to the motion for a new trial, that on the morning of the day appellant was arrested appellant went to plow in the field with the Collier boys; that, after the appellant had gone to the field, M. T. Dulaney and his wife passed appellant's house in a wagon, in which the witness saw some barrels and other things; that, soon after they passed, the witness saw smoke coming from a point down in a pasture which appellant and Dulaney jointly had charge of; that the witness sent her small boy for the appellant, who came to the house, and she told him of seeing Dulaney and his wife in a wagon, going in the direction of the smoke, and told appellant they were down there making whisky and for appellant to go and stop them; that this was about 10:30 in the morning; that appellant then went on down there; that no one was in the wagon, but M. T. Dulaney and his wife; that appellant was not down in the pasture at the still until she sent him down there to stop Dulaney from manufacturing whisky.

The affidavit of the absent witness Martha Stewart, as attached to appellant's motion for a new trial, shows that she would have testified, if present, as follows:

"I am the wife of Henry Stewart and live about one-half mile from the defendant, Nelson White. On the day Nelson White was arrested in this case I was at Mat Collier's house and I saw Nelson White plowing in his field with the small boys of Mat Collier. He was plowing in his field until about 10 o'clock in the morning when I saw his son come to the field after him and saw him leave the field and go to his house. He was not out of the field until he left at about 10 o'clock. I was confined to my bed when Nelson White was tried, with a small baby, and I was unable to attend this trial."

[1] The court, in explaining his action in overruling the motion for a continuance, stated that this testimony was cumulative. The evidence in this case tended to prove an alibi, and the learned trial judge charged on alibi. The authorities in this state hold that, when an alibi is the defense, the more witnesses produced, the stronger it makes the defense.

[2] The motion for continuance clearly shows that the appellant used all diligence within his power to procure the attendance of said two witnesses. The facts that appellant expected to prove by said two witnesses, beyond any question, were very material to his defense and were probably true, and we are unable to say that they would not have produced a different result. The appellant attached to his motion for a new trial the affidavit of each of said witnesses that they would have sworn, if present, to the facts stated in the application for continuance. Having attached the affidavits of the absent witnesses to the motion for a new trial, the question of the probable truth of such testimony was no longer one for the decision of the trial court.

[3] We are of the opinion that the learned trial judge erred in overruling the appellant's motion for a continuance, and especially in not granting a new trial after the affidavits of the witnesses had been attached showing what their testimony would be. Terry v. State, 100 Tex. Cr. R. 161, 272 S. W. 466, and cases therein cited; Cruz v. State, 100 Tex. Cr. R. 188, 272 S. W. 486.

For the error above discussed, the judgment of the trial court is reversed, and the cause remanded.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals, and approved by the court.