### D. CONNOR, ALIAS DR. J. W. WILSON V. THE STATE.

No. 9955.   Delivered March 30, 1927.

#### 1.—Swindling—New Trial—Erroneously Refused.

Where, on a trial for swindling, the appellant requested a new trial on account of the absence of a witness for whom due diligence had been used, and attached to said motion the affidavit of said witness setting forth facts very material to his defense, the motion should have been granted. It was not for the trial court to say whether said affidavit was true or false, the appellant was entitled to have the jury pass upon this issue. Following Terry v. State, 272 S. W. 466, and other cases cited.

#### 2.—Same—Search and Seizure—No Error Shown.

Where the deputy sheriff had lifted up a leather case, which was in appellant's automobile, and immediately set it down, upon the sheriff's request that he wait until a warrant could be obtained, without removing it from the car, or observing the contents therein, would not preclude the introduction of evidence as to the contents of said case after a legal search thereof.

#### 3.—Same—Evidence—Non-Expert—Improperly Admitted.

Where, upon a trial for swindling, predicated upon alleged false representations that appellant was a skilled eye doctor, it was error for the court

to permit the sheriff to testify as to the kind of medicine contained in a vial found in a leather case in appellant's car. The witness did not qualify as an expert, and his opinion as to the medicine found was clearly inadmissible.

#### 4.—Same—Evidence—Opinion of Witness—Erroneously Admitted.

On a trial for swindling, predicated upon alleged false representations of appellant, that he was a doctor, it was error to permit a witness to testify that appellant was not a doctor. It would have been proper for the witness to state the extent of his acquaintance with appellant, or other facts pertinent, within his knowledge, but he should not have been permitted to give his opinion concerning said matter.   ·

#### 5.—Same—Evidence—Cross-Examination—Properly Excluded.

There was no error in refusing to permit appellant, on cross-examination of Dr. Greenwood, a state witness, to interrogate him concerning a certain work on radium by one Dr. Viol, and the statements made in said book, such cross-examination not being pertinent to any issue in the case.

#### 6.—Same — Requested Charge — On Circumstantial Evidence — Improperly Refused.

This record discloses that the main facts relied upon by the state had to be inferred from other facts proven, and the trial court erred in refusing a requested charge presented by appellant on the law of circumstantial evidence. Following Kinslow v. State, 272 S. W. 468, and other cases cited.

Appeal from the District Court of Erath County. Tried below before the Hon. J. B. Keith, Judge.

Appeal from a conviction for swindling, penalty seven years in the penitentiary.

The opinion states the case.

*Oxford & Johnson* of Stephenville, and *McLean, Scott & Sayers* of Fort Worth, for appellant. On refusal of new trial, appellant cites: Johnson v. State, 114 S. W. 1178; Valigura v. State, 150 S. W. 778; McMillan v. State, 146 S. W. 1190; Baine v. State, 61 S. W. 119; Thomas v. State, 101 S. W. 797, and Mapes v. State, 14 Tex. Crim. Rep. 129.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of swindling, and his punishment assessed at seven years in the penitentiary.

The indictment in this case charged that the appellant falsely and fraudulently represented to one D. C. McClure that he was a doctor, a specialist in the treatment of eyes, and that her eyes were in such bad condition that she was likely to become paralyzed or blind at any time; and further represented that

he was in possession of radium which he used in the treatment of eyes and which was very expensive; and that the appellant "did cure her eyes by dropping said radium therein," which induced her to deliver to him checks aggregating about $1,400. The record discloses that the appellant treated and operated on prosecuting witness' eyes about June 26, 1925, and that late in the evening, after the checks given to him had been cashed, or exchange received therfor, he was arrested, while in company with B. F. Fuller, alias Dr. J. R. Hall, by the Sheriff of Stephens County; and that thereafter the sheriff obtained a search warrant and searched appellant's car and grip found therein and seized, among other things, a small vial containing liquid and a medicine dropper. It was contended by the state that the vial contained the medicine used in treating the eyes of the said D. C. McClure. The record further discloses that Hall accompanied appellant to the home of the state's witness, McClure, and suggested to her that she request appellant to operate on her eyes at home instead of having her go to a hospital at Fort Worth or Dallas. It is also shown by the record that Hall, prior thereto, had examined the witness' eyes and had suggested glasses of a certain kind, for which he was paid in advance and which he promised to deliver later but had not done so up to that time. It was the contention of the state that appellant was not a physician or eye specialist, and that the medicine used by him in treating the eyes of the prosecuting witness was not a liquid form of radium, and that he falsely and fraudulently obtained said checks for the purpose of defrauding the witness McClure. While the appellant failed to testimony in his own behalf, he defended upon the ground that he was an expert in the treatment of eyes and that he was not guilty of the offense alleged in the indictment.

The record contains twenty-six bills of exception, the number of which precludes a separate discussion of each, and we will only discuss such bills as we think necessary for a proper disposition of this appeal. Bills 2 and 2a complain of the refusal of the court to grant appellant's motion for a continuance for the want of the testimony of J. Martin, alleged to be a resident of Dallas, Texas, by whom appellant expected to prove that he, appellant, was skilled in the adjustment, correction and treatment of eye trouble; that the method used by him was the accepted and approved method of treating eyes; that the witness had been acquainted with appellant for a long period of time in various states and knew that he had engaged in the examination and treatment of diseases of the eye, and in the fitting of glasses,

and that he was proficient along this line and had long and continuous experience therein. The appellant's diligence in suing out process for this witness was sufficient, but the subpoena was returned unserved. The record discloses that after appellant was convicted he attached to his motion for new trial an affidavit from said witness Martin to the effect that said witness was formerly a practicing physician in Missouri, and that he had known appellant for many years, and had known him in Missouri, and that his occupation was that of treating eyes and ailments thereof and fitting and adjusting glasses, and that the witness had known of appellant treating a great many persons for eye trouble, and that appellant was proficient in the treatment of eyes. This affidavit was properly sworn to, but when the motion for new trial was presented it was contested by the state and overruled by the court, presumably upon the ground that the facts stated therein were untrue. In this ruling, the trial court fell into error. All of the statements in the affidavit to the effect that appellant was a practicing physician and experienced in the treatment of eyes were in direct refutation of the state's contention, and the affidavit being filed in connection with the motion for new trial, and supporting the allegations in the motion for continuance, and bearing on appellant's defense, it was not for the trial court to say whether said affidavit was true or false and the appellant was entitled to have the jury pass on this issue. Terry v. State, 272 S. W. 466; Cruz v. State, 272 S. W. 486; Battle v. State, 279 S. W. 842; Marberry v. State, No. 10455, decided by this court on February 2, 1927, yet unreported.

In bill No. 15 it is contended that the court erred in admitting in evidence the leather case, together with the vial and medicine dropper found therein, taken from appellant's car because the deputy sheriff, while standing by appellant's car, raised up the case before a search warrant had been obtained authorizing a search of said car, which was in violation of the Search and Seizure Law. We are not in accord with this contention. The mere fact that the deputy lifted this case and immediately set it down, upon the sheriff's request that he wait until a warrant could be obtained, without removing it from the car or observing the contents therein, would not preclude the introduction of evidence as to the contents of said case after a legal search thereof.

Appellant also contends in this bill that it was error to permit the sheriff to testify as to the kind of medicine contained in the vial without a proper showing as to his qualification to give such testimony. This evidence was inadmissible.

In bill No. 17 complaint is made to the action of the court in permitting the state to prove by the witness Morton, over appellant's objection, that the appellant was not a doctor. It appears from this bill that the witness had known appellant casually for seven or eight years, and had been with him but very little during said time, and that during the acquaintance appellant had been absent from the community in which the witness lived a great deal of said time. Appellant contends that said testimony was an opinion and conclusion of the witness, and erroneously admitted. This was one of the vital issues in the case and we think the learned trial court fell into error in permitting this witness to give his conclusion and opinion to the effect that appellant was not a doctor, thereby permitting the witness to invade the province of the jury. Of course, it was proper for the witness to state the extent of his acquaintance with appellant, and what vocation, if any, appellant followed during said acquaintance, and other facts within his knowledge, but it certainly cannot be successfully contended that the witness was authorized to give his opinion concerning said matter.

In bill No. 18 complaint is made to the refusal of the court to permit appellant's counsel, on cross-examination of Dr. Greenwood, to interrogate him concerning a certain work on radium by one Dr. Viol and the statements made in said book. This bill, as presented, shows no error.

Bill No. 23 complains of the refusal of the court to charge the jury on the law of circumstantial evidence. The record discloses that the appellant objected to the court's charge in a timely manner because of the failure to charge on this issue, but the court refused to submit such a charge to the jury. After a careful examination of the entire record, we are constrained to hold that this was error, and that the main facts relied upon by the state in this case had to be inferred from other facts proved, which demanded a charge on circumstantial evidence. Kinslow v. State, 272 S. W. 468; Thomas v. State, 279 S. W. 448; Berry v. State, 282 S. W. 594; Chew v. State, 284 S. W. 559.

For the errors above discussed, the judgment of the trial court is reversed and remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.