LORENA POND V. THE STATE.

No. 12736.   Delivered November 6, 1929.

Reported in 21 S. W. (2d) 502.

The opinion states the case.

*S. H. Millwee* of Colorado, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for selling intoxicating liquor, the punishment one year in the penitentiary.

The indictment alleged a sale to Jack Hart.   He testified that he was an "informer"; that he secured Mr. Foster, a taxicab driver, to take him to a filling station operated by appellant; that witness told appellant he wanted to buy whisky, that she went to a residence near the station, returned to the taxi, took the bottle of whisky from her bosom and delivered it to witness who paid her for it; that this occurred in Foster's presence who had remained in the taxi with witness while appellant went after the whisky.   Foster testified that he took Hart to the filling station but denied having seen appellant deliver whisky to Hart or that he saw any money pass from Hart to appellant.   Foster further testified that Hart was drinking when they went to the filling station.   Appellant testified that Hart solicited her to sell him whisky; that she informed him that she had none to sell; she further testified that there was none in the house where he claimed she went and procured it; that she went to the house because appellant seemed to be drinking and upon arrival there informed her mother of that fact.   Appellant reserved exception to overruling her

second application for continuance on account of the absence of her mother, averring that she was sick and unable to attend court; that if present she would testify to facts—which were set out in the application—and which would support appellant's testimony. There is no question as to diligence. The application in all respects complied with the statute. The averment that the absent witness was sick was supported by a doctor's certificate stating in some detail the character and extent of her illness. The application was overruled on the ground that the court did not believe the mother's proposed testimony was probably true. Appellant sought a new trial based upon the court's action in overruling the application for continuance, and attached to her motion the affidavit of the absent witness setting out in detail what her testimony would have been if she had been present and which in every particular supported appellant's evidence and contradicted that given by Hart. The court may have been warranted in refusing the continuance, but that he committed reversible error in denying a new trial in the face of the affidavit attached to the motion is conclusively shown by the following authorities. Mathason v. State, 89 Tex. Cr. R. 136, 229 S. W. 548 and cases cited therein. White v. State, 90 Tex. Cr. R. 584, 236 S. W. 745; Cruz v. State, 100 Tex. Cr. R. 188, 272 S. W. 486; Fulton v. State, 102 Tex. Cr. R. 146, 277 S. W. 651; Battles v. State, 103 Tex. Cr. R. 75, 279 S. W. 842; Marberry v. State, 106 Tex. Cr. R. 106, 291 S. W. 232.

The judgment must be reversed and the cause remanded and it is so ordered.

*Reversed and remanded.*